# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

13 4055 A

RECEIVED
CITY CLERK'S OFFICE
2013 NOV 22 P 12: 21
BOSTON, MA

No. _____

James Sanders , Plaintiff(s)

v.

City of Boston, Boston Police Department and Stanley Demesin, in his individual and official capacity , Defendant(s)

## SUMMONS

To the above-named Defendant: Stanley Demesin

You are hereby summoned and required to serve upon Daniel J. Toscano Law Offices of Daniel J. Toscano plaintiff's attorney, whose address is 62B Commercial Wharf East, Boston, MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 21st day of November , in the year of our Lord two thousand thirteen .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUFFOLK, ss,                              SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NO.:

JAMES SANDERS,                    )
                                  )       13-4055 A
    Plaintiff,                    )
                                  )       MOTION FOR APPOINTMENT OF
v.                                )       SPECIAL PROCESS SERVER
                                  )       UNDER RULE 4C
CITY OF BOSTON, BOSTON POLICE     )
DEPARTMENT, and STANLEY DEMESMIN, )       Nov. 15, 2013
in his individual and official capacity, ) The within motion is filed
                                  )       and allowed. By the Court (Connor J.)
    Defendants.                   )       attest: Michael Joseph Donovan
                                          Clerk Magistrate

The plaintiff moves pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure that this Court appoint CHRISTOPHER CHIGAS, CONSTABLE, of Peabody, MA and/or any of his employees or servants as process server in this matter, qualified and knowledgeable persons in the service of all court process, including but not limited to any and all service of process. The undersigned swears that to the best of their knowledge and belief, the person to be appointed is eighteen years of age or over and is not a party in this case.

                              Respectfully submitted,
                              James Sanders, Plaintiff

                              By his attorneys,

                              John Andrews
                              Daniel J. Toscano

Dated: 11/15/13

                              John Andrews, - BBO #554259
                              Daniel J. Toscano – BBO #645991
                              Law Offices of Daniel J. Toscano
                              62B Commercial Wharf East
                              Boston, MA 02110
                              617-646-4428

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF SUFFOLK | DOCKET NO. _____ |
|---|---|---|
| **PLAINTIFF(S)**<br>James Sanders | **DEFENDANT(S)**<br>City of Boston, Boston Police Department and Stanley Demesmin, in his individual and official capacity | |

Plaintiff Atty: John Andrews
Address: 10 Federal Street, Suite 420
City: Salem   State: MA   Zip Code: 01970
Tel.: +1 (978) 740-6633   BBO#: 554,259

Type Defendant's Attorney Name
Defendant Atty: 
Address: 
City:    State:    Zip Code: 

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK           IS THIS A JURY CASE?

B03 Claims Against Comm or Municipality - Average Track        (•) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                    $ _____
   2. Total doctor expenses                      $ _____
   3. Total chiropractic expenses                $ _____
   4. Total physical therapy expenses            $ _____
   5. Total other expenses (describe)            $ _____
                                      Subtotal   $ _____
B. Documented lost wages and compensation to date   $ _____
C. Documented property damages to date              $ _____
D. Reasonably anticipated future medical expenses   $ _____
E. Reasonably anticipated lost wages and compensation to date   $ _____
F. Other documented items of damages (describe)     $ _____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Gun shot wound to upper body. Continuing pain and suffering, limited range of motion in left shoulder

Total $ 50,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL   $ ...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
N/A

AI hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record: *John Andrews*   Date: Nov 15, 2013
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative Agency G.L. c. 30A | (X) |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | E03 Claims against Commonwealth or Municipality | (A) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E05 Confirmation of Arbitration Awards | (X) |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E08 Appointment of Receiver | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E09 General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E03 Claims against Commonwealth or Municipality | (A) | E03 Claims against Commonwealth or Municipality | (A) | E11 Workers Compensation | (X) |
| | | **EQUITABLE REMEDIES** | | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| *TORT* | | D01 Specific Performance of Contract | (A) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| B03 Motor Vehicle Negligence personal injury/property damage | (F) | D02 Reach and Apply | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| B04 Other Negligence- personal injury/property damage | (F) | D06 Contribution or Indemnification | (F) | E16 Auto Surcharge Appeal | (X) |
| B05 Products Liability | (A) | D07 Imposition of a Trust | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B06 Malpractice-Medical | (A) | D08 Minority Stockholder's Suit | (A) | E18 Foreign Discovery Proceeding | (X) |
| B07 Malpractice-Other (Specify) | (A) | D10 Accounting | (A) | E19 Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D12 Dissolution of Partnership | (F) | E21 Protection from Harassment c 258E | (X) |
| B15 Defamation (Libel-Slander) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | E25 Plural Registry (Asbestos cases) | |
| B19 Asbestos | (A) | D99 Other (Specify) | (F) | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(6)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO.:

JAMES SANDERS,                        )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )
                                      )
CITY OF BOSTON, BOSTON POLICE         )
DEPARTMENT, and STANLEY DEMESMIN,     )
in his individual and official capacity, )
                                      )
    Defendants.                       )

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES James Sanders, Plaintiff in the above-captioned matter, by and through his attorneys, and hereby complains against Defendants, the City of Boston, the Boston Police Department, and Sergeant Stanley Demesmin, individually and in his official capacity, for violations of the Fourth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. Section 1983, and the common laws of the Commonwealth of Massachusetts pursuant to the negligence of the Boston Police Department during a chase that resulted in the unnecessary shooting of Mr. Sanders by Sergeant Demesmin of the Boston Police Department.

### Parties

1.   The Plaintiff, James Sanders ("Mr. Sanders"), is an individual whose permanent residence is in Boston, Suffolk County, Massachusetts.

2.   The Defendant, City of Boston (the "City"), is a municipality duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at One

City Hall Plaza, Boston, County of Suffolk, Massachusetts 02201. The City was, at all times relevant, the employer of Stanley Demesmin.

3. The Defendant, Boston Police Department, (the "Department") is a duly recognized municipal law enforcement organization existing under the laws of the Commonwealth of Massachusetts and was, at all times relevant, the employer of Stanley Demesmin.

4. The Defendant, Stanley Demesmin ("Demesmin" or "Sergeant Demesmin"), is named in his individual and official capacity and was, at all times relevant to this Complaint, employed as a police officer of the Department, and was acting in such capacity as an agent, servant or employee of the City and Department, and was acting under the direction and control of the City and Department, and was acting under the color of law pursuant to either official policy, or the custom, practice and usage of the City and Department.

### Allegations of Fact

5. On or about June 9, 2011, at approximately 7:30 P.M., Sergeant Demesmin, while on patrol in plain clothes in his unmarked police vehicle, entered the Trotter Court housing development located in the South End section of Boston.

6. Demesmin parked his vehicle and proceeded to walk around the building within the housing development. He observed an individual known to him inside the hallway of 18 Trotter Court. Mr. Sanders, unknown to Demesmin at the time, was standing in the hallway with this individual.

7. Demesmin entered the hallway of 18 Trotter Court and proceeded toward both individuals.

8. Mr. Sanders, upon observing this unknown person in plain clothes approaching him, exited through the back door of the building. Mr. Sanders, fearing for his safety, then crossed Shawmut Avenue and proceeded through Ramsey Park.

9. While crossing Washington Street, Sanders was struck by a passing motor vehicle and his clothing became entangled on the front bumper of the automobile.

10. Mr. Sanders was able to free himself from the motor vehicle and continued to cross Washington Street at which point he struck a pole and fell onto his back.

11. At this time, Sergeant Demesmin was sprinting directly toward Mr. Sanders. Demesmin, using his service weapon issued by the Department, then fired at Sanders.

12. As a result of Demesmin's use of unreasonable force, Mr. Sanders sustained a gunshot wound to the back of his left shoulder.

13. Mr. Sanders was transported to Boston Medical Center where he was treated for his injuries.

14. On or about February 20, 2013, the Plaintiff, through his attorneys and pursuant to G.L. c. 258, presented his claim in writing to the City. More than six (6) months have passed and said claim has not been denied in writing. Such failure to deny in writing, therefore, is deemed a final denial. A true and accurate copy of said written presentment of claim is attached hereto as Exhibit A.

## COUNT I

### NEGLIGENCE AGAINST THE CITY OF BOSTON AND THE BOSTON POLICE DEPARTMENT

15. The Plaintiff repeats and incorporates herein the allegations contained in Paragraphs One through Fourteen of the Complaint.

16. The City and the Department owed a duty of reasonable care to Mr. Sanders during a pursuit of him by law enforcement.

17. The Department breached its duty of care to Sanders by failing to follow its internal policies regarding when and how to engage the use of a firearm.

18. The City breached its duty of care to Sanders by failing to properly train the members of its Police Department regarding the proper use of firearms.

WHEREFORE, the Plaintiff, James Sanders, requests this Court to:

(1) Enter judgment against the City of Boston and the Boston Police Department on this Count and award damages to Plaintiff in an amount to be determined at trial, together with interest, costs and attorneys fees; and

(2) Award the Plaintiff any and all other relief deemed fair and proper.

## COUNT II

### NEGLIGENCE AGAINST STANLEY DEMESMIN

19. The Plaintiff repeats and incorporates herein the allegations contained in Paragraphs One through Fourteen of the Complaint.

20. Sergeant Demesmin owed a reasonable duty of care to Mr. Sanders while pursuing him through the streets of Boston.

21. Sergeant Demesmin breached his duty to Mr. Sanders when he shot him while Mr. Sanders was laying on the ground after falling down.

WHEREFORE, the Plaintiff, James Sanders, requests this Court to:

(1) Enter judgment against Stanley Demesmin on this Count and award damages to Plaintiff in an amount to be determined at trial, together with interest, costs and attorneys fees; and

(2) Award the Plaintiff any and all other relief deemed fair and proper.

## COUNT III

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(as against City of Boston and Boston Police Department)

22. The Plaintiff repeats and incorporates herein the allegations contained in Paragraphs One through Fourteen of the Complaint.

23. The City and the Department are liable to Mr. Sanders for violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution due to their individual and collective failure to adequately train and supervise police officers with regard to the proper and appropriate use of firearms.

WHEREFORE, the Plaintiff, James Sanders, requests this Court to:

(1) Enter judgment against the City of Boston and the Boston Police Department on this Count and award damages to Plaintiff in an amount to be determined at trial, together with interest, costs and attorneys fees; and

(2) Award the Plaintiff any and all other relief deemed fair and proper.

### COUNT IV

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(as against Stanley Demesmin)

24. The Plaintiff repeats and incorporates herein the allegations contained in Paragraphs One through Fourteen of the Complaint.

25. Sergeant Demesmin is liable to Mr. Sanders for violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution due to his failure to properly and appropriately utilize his service weapon while in pursuit of Mr. Sanders and while acting under the color of law.

WHEREFORE, the Plaintiff, James Sanders, requests this Court to:

(1) Enter judgment against Stanley Demesmin on this Count and award

damages to Plaintiff in an amount to be determined at trial, together with interest, costs and attorneys fees; and

(2) Award the Plaintiff any and all other relief deemed fair and proper.

## COUNT V

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(as against the City of Boston and the Boston Police Department)

26. The Plaintiff repeats and incorporates herein the allegations contained in Paragraphs One through Fourteen of the Complaint.

27. The City and the Department are liable to Mr. Sanders for negligent infliction of emotional distress because they were negligent in their training and supervision of Sergeant Demesmin, Mr. Sanders suffered emotional distress caused by such negligence, Mr. Sanders suffered physical harm manifested by objective symptomology, and a reasonable person would have suffered emotional distress under the same circumstances.

WHEREFORE, the Plaintiff, James Sanders, requests this Court to:

(1) Enter judgment against the City of Boston and the Boston Police Department on this Count and award damages to Plaintiff in an amount to be determined at trial, together with interest, costs and attorneys fees; and

(2) Award the Plaintiff any and all other relief deemed fair and proper.

## COUNT VI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(as against Stanley Demesmin)

28. The Plaintiff repeats and incorporates herein the allegations contained in Paragraphs One through Fourteen of the Complaint.

29. Sergeant Demesmin is liable to Mr. Sanders for negligent infliction of emotional distress because he was negligent in the use, handling, and management of his Department-issued service

Case 1:13-cv-13040-NMG Document 1-1 Filed 11/27/13 Page 11 of 11
Nov. 21. 2013 10:29AM                                                             No. 9641  P. 15

revolver resulting in the shooting of Mr. Sanders. Mr. Sanders suffered emotional distress caused by such negligence, Mr. Sanders suffered physical harm manifested by objective symptomology, and a reasonable person would have suffered emotional distress under the same circumstances.

WHEREFORE, the Plaintiff, James Sanders, requests this Court to:

(1) Enter judgment against Stanely Demesmin on this Count and award damages to Plaintiff in an amount to be determined at trial, together with interest, costs and attorneys fees; and

(2) Award the Plaintiff any and all other relief deemed fair and proper.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS.

Respectfully Submitted,

Plaintiff
James Sanders
by his attorney,

Date: 11/15, 2013

John Andrews – BBO #554259
Daniel J. Toscano – B.B.O. No. 645991
Law Offices of Daniel J. Toscano
62B Commercial Wharf East
Boston, MA 02110
(617) 646-4428