United States District Court
District of Massachusetts

| | |
|---|---|
| JAMES SANDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BOSTON, STANLEY DEMESMIN and EDWARD F. DAVIS, III, in his official capacity,<br><br>    Defendants. | Civil Action No.<br>13-13040-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff James Sanders ("Sanders") alleges that on the night of June 9, 2011, he was shot in the back by Boston police officer Stanley Demesmin ("Demesmin"). Sanders contends that the shooting was unjustified and brings a variety of claims against Demesmin and the City of Boston ("the City"), the Boston Police Department ("BPD") and former Boston Police Commissioner Edward F. Davis, III ("Commissioner Davis") (collectively, "the municipal defendants"). Pending before the Court is a motion to dismiss some but not all of the claims against the municipal defendants.

I.  **Background**

According to the amended complaint, on June 9, 2011, Officer Demesmin observed what he believed was an illegal drug

-1-

transaction involving Sanders, after which he pursued Sanders on foot. Demesmin was in plain clothes and Sanders alleges that he did not identify himself as a police officer. After running for approximately one city block, Sanders was struck by a motor vehicle and fell to the ground. Thereafter, Demesmin attempted to subdue Sanders without holstering his service weapon and shot Sanders in the back during the physical struggle.

Sanders alleges that: Demesmin violated his right to be free from excessive force under 42 U.S.C. § 1983 (Count I); the City, BPD and Commissioner Davis violated his right to be free from excessive force under 42 U.S.C. § 1983 by failing properly to train and supervise Officer Demesmin (Count II); Demesmin, the City and BPD committed assault and battery (Count III); Demesmin, the City and BPD committed intentional infliction of emotional distress (Count IV); Demesmin, the City and BPD were negligent (Count V); and Demesmin, the City and BPD are liable for negligent infliction of emotional distress (Count VI).

Sanders filed his initial complaint in the Massachusetts Superior Court for Suffolk County on November, 15, 2013, after which it was removed by defendants to this Court. After Demesmin's initial answer and a motion to dismiss by the City, the Court allowed Sanders' motion for leave to file an amended complaint which he did on May 5, 2014.

Defendant Demesmin answered the amended complaint by denying all substantive allegations. In June, 2014, the municipal defendants filed a motion to dismiss all counts against BPD and Commissioner Davis and Counts II, III, IV and VI against the City. The municipal defendants argue that (1) BPD is a subsidiary of the City and is thus an improper defendant, (2) a suit against Commissioner Davis in his official capacity is the functional equivalent to a suit against the City and (3) plaintiff Sanders has failed to state a claim upon which relief can be granted on the remaining counts. The municipal defendants have not moved to dismiss Count V (negligence). At the same time, the City filed a partial answer to the amended complaint and denied all substantive allegations related to Count V (negligence).

Plaintiff Sanders has filed an opposition to the motion to dismiss with respect to Count II (§ 1983 claim against the municipal defendants) and Count VI (negligent infliction of emotional distress). Plaintiff does not contest those portions of the motion to dismiss which relate to the other counts.

On July 30, 2014, the Court held a hearing on the motion to dismiss, after which it took the motion under advisement.

**II. Motion to Dismiss by Defendants City of Boston, Boston Police Department and Commissioner Edward F. Davis, III**

In his response to the municipal defendants' motion to dismiss, Sanders agrees that (1) BPD is not an entity that can be the target of a lawsuit because it is part of the City of Boston and (2) the claim against Commissioner Davis in his official capacity is the functional equivalent of a claim against the City. In addition, Sanders concedes that the City cannot be held liable for intentional torts under Massachusetts state law.

The Court will therefore dismiss all counts against BPD, all counts against Commissioner Davis and Counts III and IV against the City. Accordingly, the only counts in dispute at this juncture are plaintiff's claims against the City under § 1983 (Count II) and for negligent infliction of emotional distress (Count VI).[1]

**A. Count II: § 1983 Claim against the City of Boston for Failure to Train or Supervise**

To establish municipal liability for a constitutional violation by one of its officers, "a plaintiff must show that a policy or custom of the city led to the constitutional deprivation alleged." Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989) (citing Monell v. New York City Dep't of Social

---

[1] Count I against individual defendant Demesmin and Count V against Demesmin and the City are not at issue in the subject motion.

Services, 436 U.S. 658 (1978)).  In the First Circuit, a plaintiff must demonstrate "first, that plaintiff's harm was caused by a constitutional violation, and second, that the City be responsible for that violation." Young v. City of Providence, 404 F.3d 4, 25-26 (1st Cir. 2005).

In addition, a city can only be responsible for a constitutional violation if

> the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the city's] officers [or is] pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

Monell, 436 U.S. at 690-91.  Concerned that municipal liability could revert to de facto "respondeat superior" liability, the Supreme Court "has set a very high bar for assessing municipal liability under Monell. Young, 404 F.3d at 26.

In this case, plaintiff alleges that the City of Boston is liable under Monell because it failed properly to train defendant Demesmin with respect to proper arrest procedures for "plain clothes" officers, proper use of the threat and application of deadly force and proper handling of his service weapon.  Plaintiff pleads what he characterizes as

> circumstantial facts [which, in turn,] support a plausible conclusion that the shooting was the result of significant training and supervision failures.

The City of Boston counters that Sanders simply engages in "formulaic recitations" of the elements of municipal liability and, accordingly, fails to identify a single specific failure to train, supervise or articulate a policy or custom. Moreover, the City emphasizes that plaintiff has not alleged any causal link between it and Demesmin's actions.

The Court finds that plaintiff Sanders has not pled sufficient facts to raise a plausible inference that a failure to train or supervise by the City caused his constitutional rights to be violated. Sanders uses a shotgun approach to allege a variety of failures by the City but each purported "failure" refers to an action by Demesmin, not to a specific failure by the City itself. That a municipal employee committed acts that violated an individual's constitutional rights does "not alone permit an inference of municipal culpability and causation." Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 406 (1997).

In his opposition, plaintiff cites several cases from the First Circuit and District of Massachusetts in support of his contention that he should "at least be afforded the opportunity to conduct discovery to develop the theory of his civil rights claims." The cases he cites, however, all pre-date the recent Twombly and Iqbal cases which raised pleading standards for all civil cases. See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1,

19 (1st Cir. 2011) ("A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action.") (citing Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009)).

The actual facts of this case may contain a viable cause of action against the City of Boston but those alleged in the amended complaint do not. The document before the Court does not clear the "very high bar" set by the Supreme Court for determining municipal liability under Monell. See Young, 404 F.3d at 26. Therefore, the motion to dismiss Count II against the City of Boston will be allowed.

**B. Count VI: Negligent infliction of emotional distress against the City of Boston**

A viable claim for negligent infliction of emotional distress ("NIED") must contain the following elements:

> (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomology; and (5) a reasonable person would have suffered emotional distress under the circumstances of the case.

Smith v. City of Boston, 03-10062-DPW, 2004 WL 1572626, at *11 (D. Mass. July 13, 2004) (citation omitted).

To support its motion to dismiss this count, the City contends that although plaintiff has alleged that he was shot, an NIED claim requires a plaintiff to allege an additional injury that is distinct from the injury sustained from the

negligence itself.  That additional injury must be the result of the severe emotional distress.

Plaintiff does not allege in any detail the additional injury he suffered as a result of the gunshot wound but instead simply recites the elements of an NIED claim.  He also emphasizes the common-sense proposition that, after having been hit by a car and shot in the back, "a reasonable person would also suffer emotional distress."

The City is technically correct that plaintiff's pleading is deficient but the Court agrees that one would almost <u>a fortiori</u> suffer emotional injury after a shot to the back. Accordingly, the City's motion to dismiss Count VI will be allowed but the count will be dismissed without prejudice to permit Sanders to refile his complaint with the necessary supplement to his specific allegation.

## ORDER

For the foregoing reasons,

1) the motion to dismiss by defendants City of Boston, Boston Police Department and former Commissioner Edward F. Davis, III (Docket No. 32) is **ALLOWED, in part,** and **DENIED, in part**, as follows:

   a) Counts II, III, IV, V and VI against the Boston Police Department are **DISMISSED**;

   b) Counts II, III and IV against the City of Boston are **DISMISSED with prejudice** and Count V is **DISMISSED without prejudice;** and

   c) Count II against former Commissioner Edward F. Davis, III, is **DISMISSED**; and

2) Plaintiff James Sanders is directed to submit a second amended complaint on or before Friday, August 22, 2014.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated August 8, 2014

-9-